FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA L. MILLER, | No. 13-35870 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00225-RHW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted July 21, 2014[**]

Before: HUG, FARRIS, and CANBY, Circuit Judges.

Sandra L. Miller appeals the district court's summary judgment affirming

the Commissioner of Social Security's decision denying her application for

disability insurance benefits under Title II of the Social Security Act. Miller

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Appellant's unopposed motion for submission on the briefs without oral argument is granted. The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

contends that the ALJ failed to properly consider the opinions of testifying medical expert Reuben Beezy, M.D., and of Nurse Practitioner Blaze Burnham that Miller would be limited to sedentary or less than sedentary work. Miller also contends that the ALJ failed to meet her burden to fully and fairly develop the record, where Miller represented herself at the hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

Miller's contention that the ALJ erred in finding that she was capable of light work and in discounting Dr. Beezy's opinion that she was limited to sedentary work lacks merit. The ALJ reasonably found that Dr. Beezy did not give a well-supported basis for his opinion and that it was not supported by the medical evidence of record, including the conflicting opinion of treating Advanced Registered Nurse Practitioner Paddy Carlson and an electrodiagnostic ("EMG") study conducted on December 27, 2002, which indicated that Miller had only very mild carpal tunnel syndrome on the right. *See Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

Miller's contention that the ALJ failed to properly consider and afford sufficient weight to treating Advanced Registered Nurse Practitioner Blaze Burnham's opinion that Miller would be limited to sedentary work or lower also lacks merit. The ALJ's conclusion that the more restrictive RFC finding was unjustified based upon the record was a sufficient reason for discounting Burnham's opinion. *See Molina,* 674 F.3d at 1111. Miller contends that the ALJ failed to provide adequate reasons for rejecting Burnham's opinion, because the ALJ found that there was no reason to change Miller's residual functional capacity assessment despite new information from the 2002 EMG study. This contention lacks merit because the ALJ provided a germane reason for rejecting Burnham's opinion, explaining that the new EMG findings indicated only very mild right carpal tunnel syndrome. *See id*.

The ALJ fulfilled her duty to fairly and fully develop the record and to ensure that Miller's interests were considered where she was unrepresented at the hearing. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

**AFFIRMED.**